JOHN O'KANE, JR.       4280-0
MARK S. HAMILTON   7768-0

FRAME FORMBY & O'KANE
Attorneys at Law, A Law Corporation
Four Waterfront Plaza, 500 Ala Moana Blvd., Ste. 575
Honolulu, Hawaii  96813
Telephone:  (808) 545-3043, Facsimile: (808) 545-3065
E-mail: FFOMaritime@aol.com

Attorneys for Defendants
MAUI OCEAN ACTIVITIES, INC. ("MOA"),
THEODORE C. KING, BETH D. KING,
and MOA VESSEL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNETTE MILLER | ) | CIVIL NO. 04-00441 JMS-BMK |
| | ) | (Admiralty) |
| | ) | |
| Plaintiff, | ) | DEFENDANTS MAUI OCEAN |
| | ) | ACTIVITIES, INC., THEODORE C. |
| | ) | KING, BETH D. KING, AND MOA |
| vs. | ) | VESSEL'S EX PARTE APPLICATION |
| | ) | TO SHORTEN TIME FOR HEARING ON |
| | ) | MOTION TO DISMISS FOR FAILURE |
| MAUI OCEAN ACTIVITIES, INC. | ) | TO JOIN AN INDISPENSABLE PARTY; |
| ("MOA"), THEODORE C. KING, | ) | AFFIDAVIT OF MARK S. HAMILTON; |
| BETH D. KING, *In Personam* and | ) | ORDER GRANTING DEFENDANTS |
| MOA VESSEL, *In Rem*, | ) | MAUI OCEAN ACTIVITIES, INC., |
| | ) | THEODORE C. KING, BETH D. KING, |
| | ) | AND MOA VESSEL'S EX PARTE |
| Defendants. | ) | APPLICATION TO SHORTEN TIME |
| | ) | FOR HEARING ON MOTION TO |
| | ) | DISMISS FOR FAILURE TO JOIN AN |
| | ) | INDISPENSABLE PARTY; |
| | ) | CERTIFICATE OF SERVICE |
| _____ | ) | **Trial Date: May 23, 2005** |

DEFENDANTS MAUI OCEAN ACTIVITIES, INC., THEODORE
C. KING, BETH D. KING, AND MOA VESSEL'S EX PARTE
APPLICATION TO SHORTEN TIME FOR HEARING

COMES NOW Defendants MAUI OCEAN ACTIVITIES, INC.,
THEODORE C. KING, BETH D. KING, and MOA VESSEL ("Defendants"), by and
through their attorneys, Frame Formby & O'Kane, pursuant to the Federal Rules of
Civil Procedure, Rules 7, and Rules 7.1-7.7 of the Local Rules for the United States
District Court for the District of Hawaii, and hereby apply to this Honorable Court
to shorten time for hearing of Defendants' Motion to Dismiss for Failure to Join an
Indispensable Party ("Motion to Dismiss"). Because trial is scheduled for October
17, 2006 and it has become increasingly obvious this lawsuit should not proceed
without the presence and participation of the State of Hawaii, it is necessary to
expedite the hearing of Defendants' Motion to Dismiss.

The original complaint in this case was filed July 21, 2004. Our firm
became counsel of record for Defendants on September 30, 2005. On September 28,
2005, Plaintiff's Motion for Leave to File a Second Amended Complaint was granted,
and on November 4, 2005, Plaintiff filed a Second Amended Complaint adding
claims for maintenance and cure, unseaworthiness and Jones Act negligence to a
claim for coverage under the Longshore and Harbor Workers' Compensation Act
("LHWCA").

On November 28, 2005, Defendants answered the Second Amended

Complaint denying Plaintiff's allegations and on or around that time were informed of a related state court case against the State of Hawaii (the "State"). The claims Plaintiff made against the State were unknown. Although Defendants were entitled to information about Plaintiff's state court claims as they affected Plaintiff's claims against Defendants, Plaintiff has never provided any information on her claims against the State. Defendants recently obtained a copy of the Complaint, Civil No. 05-1-0149K. Plaintiff's Complaint alleges negligence against the State, but Plaintiff's action against the State is currently stayed pending the outcome of the case in federal court.

Throughout the proceedings in federal court, Plaintiff has focused on the LHWCA, maintenance and cure, unseaworthiness, and Jones Act negligence claims. Because the issue of contributory negligence on the part of the State does not materially affect these claims, Defendants were not prejudiced by the absence of the State in U.S. District Court. Nor were the State's interests in defending itself in state court substantially affected because a decision in federal court on these issues should not raise the issue of collateral estoppel as to Defendants' contributory negligence, if any, concerning Plaintiff's claims against the State. A few days prior to the July 31, 2006 settlement conference before Judge Kobayashi, however, Plaintiff's counsel asserted his client is entitled to a remedy for general maritime negligence under general maritime law.

General maritime negligence claims are highly unusual. Absent an underlying statute or governing body of law applicable to admiralty concepts and institutions, separate general maritime negligence claims are not normally made. However, in light of her other federal claims, Plaintiff's reason for alleging general maritime negligence is obvious. Although qualifying as a maritime worker could also make her subject to Hawaii statutes and the State's workers' compensation scheme,[1] should Plaintiff fail to qualify as either a longshoreman or seaman, a general maritime negligence claim, if available, could allow her to continue to pursue a remedy in federal court. Plaintiff's general maritime negligence claim demands the addition of a necessary party, however, by expanding the scope of potential liability to include the State as well as the Defendants. *See* Defendants' Memorandum in Support of Motion to Dismiss. Although it is doubtful whether Plaintiff qualifies as a maritime worker under general maritime law, Plaintiff's shift of focus to general maritime negligence calls into question the relative or comparative negligence of all involved: Plaintiff, Defendants and the State. Id. Consequently, in order to fairly and

---

[1] Hawaii's Workers' Compensation Law, Hawaii Revised Statutes § 386-7 states that "this chapter shall apply to . . . employees in maritime employment and their employers not otherwise provided for by the laws of the United States." Thus, if she qualifies as a maritime worker, which we would argue she is not, the matter could be resolved under the State's workers' compensation law. The Plaintiff is entitled to and was receiving state workers' compensation before opposing counsel filed a maritime claim. Pursuant to Hawaii statutes, the carrier stopped paying the claim until the court determines whether Plaintiff qualifies as a Jones Act seaman or a longshoreman.

4

reasonably determine comparative liability of any, all must be represented and participate. Id. Thus, because it appears the State is a necessary and indispensable party to the proceedings in federal court, and given trial is scheduled to commence in less than two months, it is crucial the time for hearing on Defendant's Motion to Dismiss be shorten so the court can rule before trial.

This application is based upon all pleadings, records and filings in the above-referenced matter and upon the Affidavit of MARK S. HAMILTON, ESQ. attached hereto.

DATED: Honolulu, Hawaii; September 7, 2006.

FRAME FORMBY & O'KANE

JOHN O'KANE, JR.
MARK S. HAMILTON
Attorneys for Defendants
MAUI OCEAN ACTIVITIES, INC.,
THEODORE C. KING, BETH D.
KING, and MOA VESSEL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNETTE MILLER | ) CIVIL NO. 04-00441 BMK |
| | ) (Admiralty) |
| Plaintiff, | ) |
| | ) ORDER GRANTING |
| vs. | ) DEFENDANTS MAUI OCEAN |
| | ) ACTIVITIES, INC., THEODORE C. |
| MAUI OCEAN ACTIVITIES, INC. | ) KING, BETH D. KING, AND MOA |
| ("MOA"), THEODORE C. KING, | ) VESSEL'S EX PARTE |
| BETH D. KING, *In Personam* and | ) APPLICATION TO SHORTEN |
| MOA VESSEL, *In Rem*, | ) TIME FOR HEARING ON MOTION |
| | ) TO DISMISS FOR FAILURE TO |
| Defendants. | ) JOIN AN INDISPENSABLE PARTY |
| | ) |

**ORDER GRANTING DEFENDANTS MAUI OCEAN ACTIVITIES, INC., THEODORE C. KING, BETH D. KING, AND MOA VESSEL'S EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

Upon review of DEFENDANTS MAUI OCEAN ACTIVITIES, INC., THEODORE C. KING, BETH D. KING, AND MOA VESSEL'S EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY and the Affidavit of counsel attached thereto, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said DEFENDANTS MAUI OCEAN ACTIVITIES, INC., THEODORE C. KING, BETH D. KING, AND MOA VESSEL'S EX PARTE APPLICATION TO

SHORTEN TIME FOR HEARING ON MOTION TO DISMISS FOR FAILURE

TO JOIN AN INDISPENSABLE PARTY may be heard before the Honorable

_____, Judge of the above-entitled Court,

in his/her courtroom at 300 Ala Moana Boulevard, Honolulu, Hawaii, at _____

o'clock, ____.m., on _____, 2006, or as soon thereafter

as counsel can be heard.

        DATED: Honolulu, Hawaii, _____


                  _____
                  JUDGE OF THE ABOVE-ENTITLED COURT

---

ORDER GRANTING DEFENDANTS MAUI OCEAN ACTIVITIES, INC., THEODORE C. KING, BETH D. KING, AND MOA VESSEL'S EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY; *Jeannette Miller v. Maui Ocean Activities, Inc., et al.,* Civil No. 04-00441 BMK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document will be hand-delivered to the following parties at the address given below on the 8th day of September, 2006:

PATRICK F. McTERNAN, ESQ.
HOWARD G. McPHERSON, ESQ.
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Plaintiff
JEANNETTE MILLER

DATED: Honolulu, Hawaii; September 7, 2006.

FRAME FORMBY & O'KANE

JOHN O'KANE, JR.
MARK S. HAMILTON
Attorneys for Defendants
MAUI OCEAN ACTIVITIES, INC.,
THEODORE C. KING, BETH D.
KING, and MOA VESSEL