IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNETTE MILLER | ) | CIVIL NO. 04-00441 BMK |
| | ) | (Admiralty) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| vs. | ) | DEFENDANTS MAUI OCEAN |
| | ) | ACTIVITIES, INC., THEODORE C. |
| MAUI OCEAN ACTIVITIES, INC. | ) | KING, BETH D. KING, AND MOA |
| ("MOA"), THEODORE C. KING, | ) | VESSEL'S MOTION TO DISMISS |
| BETH D. KING, *In Personam* and | ) | PLAINTIFF'S CLAIM FOR |
| MOA VESSEL, *In Rem*, | ) | FAILURE TO JOIN AN |
| | ) | INDISPENSABLE PARTY |
| Defendants. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANTS MAUI OCEAN
ACTIVITIES, INC., THEODORE C. KING, BETH D. KING,
AND MOA VESSEL'S MOTION TO DISMISS PLAINTIFF'S
CLAIM FOR FAILURE TO JOIN AN INDISPENSABLE PARTY

I. STATEMENT OF FACTS

Plaintiff JEANETTE A. MILLER ("Plaintiff") was hired by Defendant

MAUI OCEAN ACTIVITIES, INC. ("MOA") to be a "Beach Booth Attendant" for

MOA's Kailua-Kona, Hawaii jet ski business. Exhibit ("Ex.") A, Declaration of

Theodore C. King; Ex. E, Deposition Testimony of Jesse Kunewa at 12, lines 15-19;

Ex. F, Deposition Testimony of Jeff Watson at 12, lines 16-23. Beach Booth

Attendants are hired to greet customers as they arrive at the pier for the jet ski times

reserved by telephone, to encourage walk up customers to purchase jet ski rides while

on the jet ski platform, to show instructional/safety video to customers and have them sign a waiver. They are not hired as crew. Ex. A. Specifically, Plaintiff's duties were to greet customers as they arrive at the pier for the jet ski times reserved by telephone, to encourage walk up customers to purchase jet ski rides while on the jet ski platform, to show instructional/safety video to customers, and to have them sign a waiver. Id.; Ex. E at 11, lines 17-24; Ex. F at 12-13, lines 24-25 & 1-5. In essence, Plaintiff was a clerical worker who spent the majority of her time handling administrative matters.

MOA's beach booth was located on the bed of a Ford F150 pickup truck which was driven to the Kona pier every morning for business. Ex. A; Ex. E at 13, lines 1-13; Ex. F at 12, lines 16-23. After Plaintiff greeted customers and processed their paperwork, the captain typically escorted customers to the company's small six-passenger vessel that MOA used to shuttle jet ski riders from the pier to the ocean platform where the jet skis were located and Plaintiff remained at the truck to wait for the arrival of other customers. Ex. A; Ex. E at 13, lines 1-13; Ex. F at 12-13, lines 24-25 & 1-5.

On August 27, 2004, the day of the incident, Captain Doug Rideout arrived at the pier and discovered the person assigned to help launch the shuttle vessel and jet skis was absent due to illness. Ex. B; Ex. C at 36-37. He called another

2

employee for assistance but while waiting for that person to arrive, Plaintiff arrived. Id. Although Plaintiff had never helped launch the shuttle vessel or the jet skis, because no one else was available, Rideout asked Plaintiff for assistance. Id. Captain Rideout handed Plaintiff the bow line of the vessel so she could walk the vessel off the trailer after he backed it down the ramp and warned her to be careful because the ramp was slippery. Ex. B; Ex. C at 39-40. As he turned to walk back to the truck, Plaintiff slipped and fell. Id. Plaintiff's fall occurred on the State-owned ramp, not the vessel.

## II. ARGUMENT

Both parties agree Plaintiff was injured on a boat ramp owned and maintained by the State of Hawaii (the "State"). Plaintiff sued the State in state court alleging the condition of the ramp was a substantial factor in causing her injuries. Ex. D. Clearly, Plaintiff believes the State's negligence affects her rights and remedies, and that "complete relief cannot be accorded among those already parties" in the U.S. District Court. *See* Fed. R. Civ. P. 19.

Equally important, the absence of the State in this case leaves Defendants subject to a substantial risk of incurring inconsistent obligations. Contributory negligence on the part of the State would reduce Defendants' share of damages, if any, by an amount proportionate to the State's percentage of fault. Thus,

3

a judgment in federal court without the presence of the State may expose Defendants to liability far greater than their reasonable percentage of fault, if any.[1]  In addition, should the State file a third-party claim against Defendants in the state court proceedings, or demand Defendants defend and indemnify it pursuant to State regulations or the contractual obligations imposed by the State's Commercial Permit for use of the boat ramp,[2] Defendants may suffer multiple obligations.

Moreover, the State has an interest in the proceeding in federal court because issues decided in its absence could affect its defense in state court.  For example, a decision in federal court absolving Defendants of negligence could

---

[1]    In an unanimous decision, the United States Supreme Court held that in admiralty tort actions against multiple defendants where the plaintiff has settled with some defendants in advance of trial, the liability of non-settling defendants is calculated with reference to the trier of fact's allocation of proportionate responsibility.  McDermott, Inc. v. AmClyde, 511 U.S. 202, 217, 114 S. Ct. 1461; 128 L. Ed. 2d 148 (1994); see also United States v. Reliable Transfer, 421 U.S. 397, 44 L. Ed. 2d 251, 95 S. Ct. 1708 (1975) (holding damages should be assessed on the basis of proportionate fault when such an allocation can reasonably be made).  In other words, under admiralty law, the proportionate share approach makes each party responsible for precisely its share of the damages.  AmClyde, 511 U.S. at 210.  Accordingly, in order for the trier of fact in this case to make an accurate determination as to the appropriate proportion of liability among the parties, each party must be represented and allowed to present its case.  Because the State will not be represented at trial, its proportionate share of liability cannot be reasonably determined.

[2]    The State of Hawaii (the "State") could demand Defendants defend and indemnify it pursuant to State regulations.  See Hawaii Administrative Rules, Rule 19-41-7.  The State could also require Defendants to "defend, hold harmless and indemnify the State, its officers, agents and employees from and against all claims or demands for damages, including claims for property damage, personal injury or death[,]" pursuant to paragraph ten of the State's Small Boat Harbors Commercial Permit.  Exhibit G.  Even a settlement between Defendants and Plaintiff in this case would not buy Defendants "piece of mind" because the language of the Commercial Permit could require Defendants to defend, hold harmless and indemnify the State in state court.

4

preclude the State from asserting Defendants' negligence was a substantial factor in causing the incident. Clearly, if possible, the State should be joined as a party. However, if joinder is not possible, this case should be dismissed. *See* Fed. R. Civ. P. 19.

A.    Procedural Authority and Precedent

The Federal Rules of Civil Procedure ("FRCP"), Rule 19 provides, in relevant part, the following;

(a) Persons to be Joined if Feasible.

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .

(b) Determination by Court Whenever Joinder Not Feasible.

If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed

5

among the parties before it, or should be dismissed, the
absent person being thus regarded as indispensable. The
factors to be considered by the court include: first, to what
extent a judgment rendered in the person's absence might
be prejudicial to the person or those already parties;
second, the extent to which, by protective provisions in the
judgment, by the shaping of relief, or other measures, the
prejudice can be lessened or avoided; third, whether a
judgment rendered in the person's absence will be
adequate; fourth, whether the plaintiff will have an
adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19.

Failure to join an indispensable party can be raised at any time, it may
raised either by motion to dismiss, by motion for judgment on the pleadings, or for
the first time at trial. *See* Fed. R. Civ. P 12 (h)(2) & 21; Pickel v. International
Oilfield Divers, Inc., 791 F.2d 1237, 1242 (5th Cir. 1986); Alliance General Ins. Co.
v. Louisiana Sheriff's Automobile Risk Prog., 1997 U.S. Dist LEXIS 12365 (E.D. La.
1997); *see also* Great-West Life & Annuity Ins. Co. v. Woldemicael, 2006 U.S. Dist.
LEXIS 36420 (W.D. Wash. 2006). A court may raise failure to join an indispensable
party *sua sponte,* even on appeal. Woldemicael, 2006 U.S. Dist. LEXIS at 36420; CP
Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911-12 (9th Cir. 1991). Once
raised, if the court determines the party to be joined is indispensable but cannot be
joined, the lawsuit should be dismissed. Dawavendewa v. Salt River Proj. Agric.
Improvement & Power Dist., 276 F.3d 1150, 1163 (9th Cir. 2002). Dismissal for

failure to join an indispensable party is without prejudice, however, because it is not an adjudication on the merits and does not bar refiling of the action wherever the missing party is subject to jurisdiction. *See* Fed. R. Civ. P. 41 (b); County Sanitation Dist. No. 2 v. Inland Container 803 F.2d 1074, 1077-78 (9th Cir. 1986).

B.    Rule 19 Jurisprudence

FRCP Rule 19 requires a court to "determine: (1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in 'equity and good conscience' the suit should be dismissed." Dawavendewa, 276 F.3d at 1155 (citations omitted). In determining whether a party is necessary, a court must decide, if in the absence of the party, complete relief can be afforded the plaintiff. Id. In this case, Plaintiff obviously believes she cannot get complete relief in her federal suit, otherwise she would not have filed against the State in state court. Indeed, if the State is negligent as alleged, in its absence, complete relief cannot be afforded Plaintiff in the U.S. District Court.

In determining whether a party is necessary, a court must also consider whether the missing party can claim "a legally protected interest such that a decision in its absence will (1) impair or imped its ability to protect that interest; or (2) expose [those already made parties to the suit] to the risk of multiple or inconsistent

7

obligations by reason of that interest." Id.; *see* Fed. R. Civ. P. 19 (a)(2). As noted above, Plaintiff has filed a complaint against the State in state court based upon the "same nucleus of operative facts." Although the state court action is currently stayed, should the federal action go forward, a decision in federal court assigning a percentage or absolving the Defendants of negligence could "impair or impede" the State's ability to protect its interests because the state court could find the doctrine of collateral estoppel prohibits the State from re-litigating the issue of Defendants' alleged negligence. *See* Aguilar v. Los Angeles County, 751 F.2d 1089, 1094 (9th Cir. 1985); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) (noting that a district court "need not conclusively determine how collateral estoppel would operate in future litigation" and that "Rule 19 speaks to possible harm, not only to future harm"). Clearly, the State has a legally protected interest.

Additionally, as noted, absent the State, a decision could expose Defendants to the risk of multiple or inconsistent obligations. The State can file a third-party claim against Defendants in the state court proceedings or demand Defendants defend and indemnify it pursuant to State regulations or the contractual obligations of the Commercial Permit. Ex. G. If the State files a third-party claim and the state court decides collateral estoppel does not apply, Defendants could find themselves subject to a state court judgment assigning them a higher or lower

8

percentage of negligence or could be held not liable irrespective of the decision in federal court. More importantly, the State's absence in the federal action precludes a finding of the State's contributory negligence, if any. Thus, a federal court decision could unfairly prejudice Defendants by making them indirectly liable for the State's acts and/or omissions. Under either Fed. R. Civ. P. 19 (a)(2) (i) or (ii), the State is a necessary party.

Rule 19 also requires a determination as to whether the missing party can feasibly be joined. Similar to the Navajo Nation in Dawavendewa, the State enjoys a federally recognized right of sovereign immunity. *See* Dawavendewa, 276 F.3d at 1159; Alden v. Maine, 527 U.S. 706, 713, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55-56, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); U.S. Const. amend. XI. Accordingly, the State can assert or waive its immunity in federal court. The State has, however, already waived its immunity for the state court action. *See* Hawaii Revised Statutes § 662-2; Miller v. State of Hawaii, Civil No. 05-1-0149K. Consequently, it is doubtful the State will waive its immunity for the federal action as well. *See* Dawavendewa, 276 F.3d at 1159-60. The State cannot be joined.

Finally, Rule 19 requires a court to consider whether the missing party is indispensable such that the action should be dismissed. To make this

9

determination, a court must balance four factors: (1) the prejudice to any party or to

the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an

adequate remedy, even if not complete, can be awarded without the absent party; and

(4) whether there exists an alternative forum. Dawavendewa, 276 F.3d at 1161-62

(citation omitted); Fed. R. Civ. P. 19 (b). The following indicates this action should

be dismissed:

      i)       Prejudice to Any Party or to the Absent Party

         Both parties agree the accident happened on State property. Plaintiff has

alleged both Defendants and the State were negligent but has chosen to pursue a

remedy against Defendants and the State in different forums. Although Plaintiff has

the right to pursue a remedy in the forum of her choice, Plaintiff cannot artfully

pursue remedies in separate forums when by doing so she makes a reasonable

determination of the parties' relative degree of fault impossible. In the federal action,

the State's absence makes it impossible to assess the percentage or degree of the

State's negligence, if any, and any decision without a determination of the

contributory negligence of the State prejudices Defendants. In addition, a decision

in federal court could "fix" Defendants' percentage of liability and bind the State

without the State having had an opportunity to affect that determination. Thus, the

State would be prejudiced. Finally, a reasonable determination of Plaintiff's

percentage of negligence is impossible in either forum because the court's decision

must be made without regard for the alleged negligence of a person or entity not a

party to the suit but that Plaintiff insists caused her injuries. The only way to resolve

this dilemma is dismiss the case. Plaintiff can then add Defendants as a party in the

state court action.

ii)     Whether Relief Can Be Shaped to Lessen Prejudice

No relief mitigates the prejudice. Unless Defendants and the State are

parties to the same suit, these problems will prevent a just adjudication on the issues.

iii)    Whether an Adequate Remedy, Even If Not Complete, Can Be Awarded
        Without the Absent Party

No partial relief is adequate. Without the State as party, the problems

discussed above cannot be addressed.

iv)    Whether There Exists an Alternative Forum

An alternative forum exists. Plaintiff has already filed suit in state court.

It would be relatively easy to add Defendants as a party and proceed in state court.

IV.  CONCLUSION

Plaintiff anticipated problems filing against the State in federal court,

knew she could not get complete relief without the State, and consequently, filed

suit against the State in state court. Given Plaintiff's allegations of State

11

negligence, the State is a necessary party to any lawsuit pertaining to the accident. The arguments for determining whether the State is a necessary and indispensable party clearly weigh in favor of finding the State necessary and indispensable. Plaintiff will not be prejudiced by dismissing the case in federal court and joining Defendants in the state action.  Therefore, the case against Defendants should be dismissed. For the reasons stated, the Court should grant this motion and dismiss Plaintiff's claims.

DATED: Honolulu, Hawaii; September 7, 2006.


FRAME FORMBY & O'KANE


JOHN O'KANE, JR.
MARK S. HAMILTON
Attorneys for Defendants
MAUI OCEAN ACTIVITIES, INC.,
THEODORE C. KING, BETH D.
KING, and MOA VESSEL